UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO.:   8:02-cr-9-T-23TGW

GARRY VICTOR FRASIER
_____/

**ORDER**

Almost eight years after imposition of his sentence, Frasier moves (Doc. 157) under Rule 35(a), Federal Rules of Criminal Procedure, for an order "correcting the presently imposed illegal sentence" by (1) "vacat[ing] the two-level enhancement for Obstruction of Justice," (2) "vacat[ing] the sentences for Count 2 and 7 for Use of a Firearm during commission of a crime," and (3) re-sentencing "to [a] guidelines sentence on the remaining Counts." Frasier's judgment (Doc. 120) was signed August 20, 2003, and the appellate court's order affirming Frasier's convictions and sentence (Doc. 150) issued August 20, 2004. As shown below, the time within which Frasier could move to correct an error under Rule 35(a) is long past.

Frasier's motion asserts four grounds, none of which assert an appropriate Rule 35 claim. Regarding grounds one and two, the appellate court found that, "[t]he district court was justified in imposing the obstruction-of-justice enhancement" and "[t]he testimonies of the Count Two and Seven witnesses, along with the photos made during the course of these robberies, were more than adequate to establish the offenses

charged in Counts Two and Seven of the indictment. We therefore affirm appellant's convictions on those counts." United States v. Frasier, 381 F.3d 1097 (11th Cir. 2004). Additionally, Frasier's claim of double jeopardy (ground three) is without merit, United States v. Reddick, 231 Fed. App'x 903, 919 (2007), as is his claim that the sentence imposed on count seven is illegal (ground four). See United States v. Hamblin, 911 F.2d 551, 554 (11th Cir. 1990), citing United States v. Rawlings, 821 F.2d 1543 (11th Cir.), cert. denied, 484 U.S. 979, 108 S. Ct. 494 (1987).

Apparently Frasier believes that timeliness is not an issue. He cites United States v. Peltier, 312 F.3d 938, 942 (8th Cir. 2002), as stating that "the court may correct an illegal sentence at any time." That statement is an interpretation of an earlier version of Rule 35(a). The 2002 revision of Rule 35(a) creates a fourteen (14) day time limit for moving to "correct a sentence that resulted from arithmetical, technical, or other clear error." Consequently, Peltier is no longer valid precedent on that point. And obviously, the 2011 motion challenging the 2003 judgment is untimely under Rule 35(a).

Lastly, even construing his Rule 35 motion as a Section 2255 motion to vacate provides Frazier no benefit. According to Section 2255(f), Frasier had one year after his conviction became final in which to file a motion to vacate. His conviction was final near the end of 2004.[*] The present motion is more than six years too late.

---

[*] The opinion affirming Frasier's conviction and sentence was issued on August 20, 2004. The conviction was final for purposes of the statute of limitation 90 days later, which represents the time allowed for filing a petition for the writ of certiorari. Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original).

Frazier's only avenue for challenging his conviction is to show that he is "actually innocent" of the offense.  Actual innocence is not a separate claim that challenges the conviction, but a "gateway" through which a defendant can pass to assert a challenge to the conviction.  In other words, actual innocence is a gateway that permits the review of time-barred or procedurally barred federal claims.  Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  The new evidence must show that, in fact, Frazier did not commit the offense.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).  And the new evidence must compel a finding of not guilty.  "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006).

Accordingly, Frasier's Rule 35 motion (Doc. 157)  is **DENIED**.

ORDERED in Tampa, Florida, on May 12, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE